UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:08-CV-580-D

KARRON HIGGS, JOHNNIE HIGGS, )
AMEIS WRIGHT, A.W. (a minor), and K.H. )
(a minor), )
            )
       Plaintiffs, )   **ORDER OF APPROVAL OF**
            )   **SETTLEMENT WITH MINOR**
    v.          )   **PLAINTIFFS**
            )
THE TOWN OF NORLINA; et al., )
            )
       Defendants. )

  THIS CAUSE comes before the Court upon the Motion of the parties for approval of the settlement between the defendants and the minor plaintiffs in this case. This Motion is brought, and this Order is entered, pursuant to Rule 17.1 of the Local Rules of Practice and Procedure for the United States District Court for the Eastern District of North Carolina. The Court finds and orders as follows:

  1.  On or about October 27, 2008, plaintiffs filed this action against the Town of Norlina and five of its police officers. In the Complaint, plaintiffs assert that plaintiff Karron Higgs was allegedly wrongfully arrested and subjected to excessive force over four years ago, on November 1, 2005. Plaintiff Karron Higgs claims that his constitutional rights were violated and he seeks monetary damages for the alleged violation of his rights and for personal injuries which he contends resulted from the arrest.

  2.  The remaining plaintiffs are Mr. Higgs' wife (Johnnie Higgs) and their three children – two of whom are minors and are identified herein as "A.W." and "K.H." Johnnie Higgs, the mother of the minor plaintiffs, has been appointed guardian ad litem for the minor

1477643 v 1

plaintiffs for the purpose of the prosecution of this action. In this case, Johnnie Higgs, Ameis Higgs, "A.W." and "K.H." assert that suffered emotional distress as a result of witnessing Karron Higgs' arrest.

2.A. In their Answer, defendants have denied all allegations of wrongdoing. Defendants have asserted numerous defenses in this case.

3. At the time of the filing of the Complaint, plaintiffs were represented by attorneys Steven B. DeCillis and Michael W. Rodgers. On September 16, 2009, the Court entered an Order allowing plaintiffs' attorneys to withdraw as counsel from this case. Since that time, plaintiffs have been proceeding herein *pro se*.

4. On February 11, 2010 and March 5, 2010, hearings were held in this case wherein various discovery issues were discussed. Magistrate Judge James E. Gates presided over both hearings. Plaintiffs Karron Higgs, Johnnie Higgs, and Ameis Wright attended the first hearing. Karron Higgs and Johnnie Higgs attended the second hearing. Defendants were represented by defense counsel at both hearings. During the course of the second hearing, which was held on March 5, 2010, the parties represented to the Court that they would like to resolve the disputes at issue in this case by means of a settlement voluntarily agreed upon by the parties.

5. The terms of the settlement proposed to the Court are as follows:

A) Defendants will cause to be paid to plaintiff Karron Higgs the amount of $5,000.00 in complete satisfaction and release of all of Karron Higgs' claims arising out of the events alleged in the Complaint.

B) Defendants will cause to be paid to plaintiff Johnnie Higgs the amount of $1,000.00 in complete satisfaction and release of all of Johnnie Higgs' claims arising out of the events alleged in the Complaint.

- 2 -

Case 5:08-cv-00580-D Document 63 Filed 05/27/10 Page 2 of 12

C) Defendants will cause to be paid to plaintiff Ameis Wright the amount of $750.00 in complete satisfaction and release of all of Ameis Wright's claims arising out of the events alleged in the Complaint.

D) Defendants will cause to be paid to Johnnie Higgs, Guardian Ad Litem for Minor plaintiff "A.W.", the amount of $750.00 in complete satisfaction and release of said minor's claims arising out of the events alleged in the Complaint.

E) Defendants will cause to be paid to Johnnie Higgs, Guardian Ad Litem for Minor plaintiff "K.H.", the amount of $750.00 in complete satisfaction and release of said minor's claims arising out of the events alleged in the Complaint.

F) Plaintiffs have agreed that they will dismiss this action with prejudice and execute all of the necessary releases, settlement agreements, and dismissals required herein.

G) Defendants have agreed that in addition to the payments referred to herein, they will withdraw their Motion for Costs, said Motion being made by defendants in connection with a Motion to Compel filed during the course of this litigation.

6. At the March 5, 2010 hearing, Judge Gates made an inquiry as to the following: the nature of any damages and injuries alleged to have been sustained by the minor plaintiffs as a result of the events alleged in the Complaint, the nature of any medical treatment provided to the minor plaintiffs for said alleged injuries, and the current condition of the minor plaintiffs. Johnnie Higgs reported to the Court that "K.H." (who was born in 1995) suffered an anxiety and asthma attack upon witnessing the events alleged in the Complaint. She sought no medical treatment for this alleged injury but was counseled by her pastor. It was reported that she is currently doing fine. It was further reported that "A.W." (who was born in 1993) experienced stress as a result of the events alleged in the Complaint and spoke with her counselor at school.

It was reported that "A.W" is currently doing fine. Medical bills were requested in discovery in this action and none were produced concerning the minor plaintiffs. It does not appear, from the Court's discussions with Johnnie and Karron Higgs, that the minor plaintiffs sought or received medical treatment for any related injuries from any health care providers. They did not report any future medical needs or problems concerning the minor plaintiffs.

7. Johnnie Higgs, as Guardian ad Litem for the minor plaintiffs, has requested that the settlement funds concerning the minor plaintiffs be paid to her as Guardian ad Litem and not deposited into the clerk of court until the minors reach the age of eighteen. This request is based on the age of the minor plaintiffs, the relatively small amount of money being paid to each minor, the present financial hardships of the minors' parents, and the minors' current need for the funds for use with school supplies and maintenance. Defendants do not object to this request.

8. The plaintiffs are proceeding herein *pro se*. There are no attorney fees to be assessed or deducted from any of the settlement amounts noted herein.

9. A copy of the parties' settlement agreement is attached hereto.

## FINDINGS OF THE COURT

1. The Court finds that the parties in this action are properly before the Court and that no questions exist as to misjoinder and nonjoinder of parties. The Court further finds that it has jurisdiction over the subject matter and parties to this action. The Court further finds that Johnnie Higgs has been appointed as the guardian ad litem for the minor plaintiffs in this action and is appearing herein as such, as well as individually.

2. The Court finds that Karron Higgs and Johnnie Higgs, the mother and guardian ad litem for the minor plaintiffs, request that this action be resolved pursuant to the terms noted herein and have expressed their agreement and approval of the terms of the settlement. They

understand that the settlement of this action will be final and will result in a dismissal of this action with prejudice.

3. The Court finds that the proposed settlement is fair and reasonable and in the best interest of the minor plaintiffs.

4. The Court finds specifically that payment to the minors' guardian ad litem in lieu of the clerk is in the minors' best interest given: their parents' current unemployment; their need for school clothes, school supplies, and other items for their education and maintenance; and the relatively modest amount of money involved.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The settlement of the minors' claims herein is APPROVED.

2. As soon as practicable after entry of this Order, the clerk shall send to Johnnie Higgs, as guardian ad litem, the settlement payments due the minor plaintiffs in the amount of $750.00 each.

3. Johnnie Higgs, as guardian ad litem, shall expend the settlement amount paid herein on behalf of each minor plaintiff solely for the health, education, or maintenance of such minor plaintiff.

4. Johnnie Higgs, as guardian ad litem, shall keep a separate accounting of each expenditure she makes out of the settlement amount paid on behalf of each minor plaintiff. The accounting shall provide the date, amount, recipient, and purpose of each expenditure. No later than seven days after the expenditure of the full settlement amount for each of the minor plaintiffs or six months after entry of the order, whichever is earlier, she shall submit the accounting with respect to each minor plaintiff to the clerk's office. Each accounting shall be accompanied by the following statement signed and dated by Johnnie Higgs:

I hereby declare under penalty of perjury that this is a true and complete accounting of the expenditures made by me as guardian ad litem of the settlement amount paid me on behalf of _____ in Civil Action No. 5:08-CV-580-D in the United States District Court for the Eastern District of North Carolina.

Date: _____                    _____
                                          Johnnie Higgs
                                          Guardian Ad Litem

5. The defendants shall, within ten days after entry of this Order, cause to be paid to Karron Higgs, Johnnie Higgs (in her individual capacity), and Ameis Wright the amounts due them under the settlement agreement.

6. Contemporaneously with the entry of this Order, the clerk shall file under a separate docket entry the proposed stipulation of dismissal previously submitted by the parties as an attachment (D.E. 55-4) to their Motion for Approval of the Settlement.

7. This settlement acts as a full and final release of all claims between the minor plaintiffs and the defendants arising or to arise out of the matters and things alleged in the Complaint.

8. Defendants' request for expenses in their Motion to Compel (D.E. 39) shall be deemed withdrawn with prejudice.

9. The claims of the minor plaintiffs are hereby DISMISSED with prejudice.

This the 27 day of May, 2010.

                                          _____
                                          JAMES C. DEVER III
                                          UNITED STATES DISTRICT JUDGE

WE CONSENT:

CRANFILL SUMNER & HARTZOG LLP

_____
Kari R. Johnson
State Bar No. 16033
Attorneys for Defendants
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277


_____
Karron Higgs
Plaintiff, Father, Guardian of the Minor Plaintiffs
Identified herein as "A.W." and "K.H"


_____
Johnnie Higgs
Plaintiff, Mother, Guardian and Appointed Guardian ad Litem
for the Minor Plaintiffs identified herein as "A.W." and "K.H."

*signature*
Ameis Wright, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-580-D

| KARRON HIGGS, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | **SETTLEMENT PAYMENT** |
| v. | ) | **ACCOUNTING FORM FOR MINOR** |
| | ) | **A.W.** |
| THE TOWN OF NORLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Instructions to Johnnie Higgs for Completion and Submission of this Form**

1. List the indicated information for each purchase made out of the $750.00 in settlement funds paid on behalf of minor A.W. If there are not enough lines below to list each purchase, attach additional sheets listing them.

2. Within one week after all $750.00 has been spent, submit the completed form to the Clerk's office. The mailing address for the Clerk's office is: PO Box 25670, Raleigh, NC 27611. If by 22 November 2010 not all $750.00 has been spent, you still must submit the form by that date.

3. Prior to submitting the form, make sure it has been filled out accurately and completely. Then sign and date the Declaration below. It is recommended, but not required, that you keep a copy of the completed and signed form for your records.

| No. | Date of Purchase | Description of Item(s) Purchased | Place of Purchase | Dollar Amount of Purchase |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

| No. | Date of Purchase | Description of Item(s) Purchased | Place of Purchase | Dollar Amount of Purchase |
|---|---|---|---|---|
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |

**(Use additional sheets if necessary; all purchases must be listed)**

## Declaration

I hereby declare under penalty of perjury that the above sheets and any attached sheets are a true and complete accounting of the expenditures made by me as guardian ad litem of the settlement amount of $750.00 paid to me on behalf of my minor daughter A.W. in the above-captioned case.

Date: _____

_____
Johnnie Higgs
Guardian Ad Litem

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-580-D

| KARRON HIGGS, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | **SETTLEMENT PAYMENT** |
| v. | ) | **ACCOUNTING FORM FOR MINOR** |
|  | ) | **K.H.** |
| THE TOWN OF NORLINA, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**Instructions to Johnnie Higgs for Completion and Submission of this Form**

1. List the indicated information for each purchase made out of the $750.00 in settlement funds paid on behalf of minor K.H. If there are not enough lines below to list each purchase, attach additional sheets listing them.

2. Within one week after all $750.00 has been spent, submit the completed form to the Clerk's office. The mailing address for the Clerk's office is: PO Box 25670, Raleigh, NC 27611. If by 22 November 2010 not all $750.00 has been spent, you still must submit the form by that date.

3. Prior to submitting the form, make sure it has been filled out accurately and completely. Then sign and date the Declaration below. It is recommended, but not required, that you keep a copy of the completed and signed form for your records.

| No. | Date of Purchase | Description of Item(s) Purchased | Place of Purchase | Dollar Amount of Purchase |
|---|---|---|---|---|
| 1 |  |  |  |  |
| 2 |  |  |  |  |
| 3 |  |  |  |  |
| 4 |  |  |  |  |
| 5 |  |  |  |  |

| No. | Date of Purchase | Description of Item(s) Purchased | Place of Purchase | Dollar Amount of Purchase |
|---|---|---|---|---|
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |

**(Use additional sheets if necessary; all purchases must be listed)**

## Declaration

I hereby declare under penalty of perjury that the above sheets and any attached sheets are a true and complete accounting of the expenditures made by me as guardian ad litem of the settlement amount of $750.00 paid to me on behalf of my minor daughter A.W. in the above-captioned case.

Date: _____          _____
                                Johnnie Higgs
                                Guardian Ad Litem

2